WILLIAMS & CONNOLLY LLP
David S. Kurtzer-Ellenbogen (*pro hac vice*)
Daniel A. Martinez (*pro hac vice*)
Alexander C. Gaudio (*pro hac vice*)
dkurtzer@wc.com
gmartinez@wc.com
agaudio@wc.com
680 Maine Ave., S.W.
Washington, DC 20024
(202) 434-5000 / FAX (202) 434-5029

PROSKAUER ROSE LLP
Myron D. Rumeld (*pro hac vice*)
mrumeld@proskauer.com
Eleven Times Square
New York, NY 10036
Telephone: (212) 969-3000
Facsimile: (212) 969-2900

Kelly Marie Curtis (Cal. Bar No. 313581)
kcurtis@proskauer.com
2029 Century Park East, Suite 2400
Los Angeles, CA 90067-3010
Telephone: (310) 557-2900
Facsimile: (310) 557-2193

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| GREGG BERKELEY et al., | Civil Action No. 5:23-cv-00343-EJD |
| Plaintiffs, | **DEFENDANTS' MOVING SEPARATE STATEMENT IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| INTEL CORPORATION et al., | Hearing Date: December 11, 2025 |
| Defendants. | Time: 9:00 a.m. |
| | Courtroom: 4 |
| | Judge: Hon. Edward J. Davila |

Pursuant to Section V.B.1 of the Court's Standing Order for Civil Cases, Defendants Intel Corporation and Administrative Committee of the Intel Minimum Pension Plan respectfully submit the following Moving Separate Statement in support of Defendants' Motion for Summary Judgment:

|  | **Moving Party's Undisputed Facts/Supporting Evidence** | **Opposing Party's Response/Supporting Evidence** |
|---|---|---|
| **Claims I AND II:**<br>• **Claim I: Violation of the Joint and Survivor Annuity Requirement of ERISA, 29 U.S.C. § 1055(d)**<br>• **Claim II: Violation of the Anti-Forfeiture Requirements of ERISA, 29 U.S.C. § 1053(a)** | | |
| *ERISA does not require "reasonable" actuarial assumptions for JSA conversions.* | Plaintiff does not allege that any MPP participant has not received his or her contractually-defined benefits.<br><br>Compl., *passim*. | |
| | Plaintiff has expressly acknowledged that certain ERISA conversions need not be based on updated, "reasonable" assumptions.<br><br>Ex. 6 at 7, 15. | |
| | Plaintiff's position is that any JSA paid in an amount any lower than a JSA generated using the § 417(e) assumptions is unreasonable and unlawful.<br><br>Compl. ¶¶ 14, 35 90; ECF 86 at 10; Ex. 5 at 82, 206. | |
| | The original MPP terms in 1988 set the GAM-83 mortality table and the PBGC Rate as the assumptions to determine actuarial equivalence in all plan contexts.<br><br>Ex. 3 § 2.02; Ex. 2 ¶¶ 58-60. | |
| | When Congress specified | |

| | | |
|---|---|---|
| | minimum assumptions for specified contexts, such as the conversion of SLAs to lump sum benefits, the MPP's definition of actuarial equivalence was amended to account for those carve-outs. There have been no statutory or regulatory changes related to the assumptions used in conversions to JSAs. Ex. 4 ¶ 27; Ex. 1 § 2(a). | |
| | In 2014, the IRS issued a Private Letter Ruling to Intel approving Intel's proposed plan changes, based on correspondence from Intel that specifically flagged the MPP's use of GAM-83 and the PBGC Rate. Ex. 7 at 7 n.9; Ex. 8. | |
| *Even if the Court finds a "reasonableness" requirement, it should narrow the issues in dispute.* | Between 1995 and 2000, the IRS based the § 417(e) interest rate on PBGC rates. Ex. 4 ¶ 52 & n.34. | |
| | The PBGC rate changes based on economic and market conditions. Ex. 4 ¶ 50. | |
| | The GAM-83 mortality table is a "standard table" approved by the IRS for actuarial equivalence determinations in nondiscrimination testing. Ex. 2 ¶¶ 130-31. | |
| | Plaintiff's expert testified that whether "benefits are equivalent in value depends on the actuarial assumptions used to calculate the value of an | |

2

DEFENDANTS' MOVING SEPARATE STATEMENT IN SUPPORT OF SUMMARY JUDGMENT

| | | |
|---|---|---|
| | annuity."<br><br>Ex. 10 at 12. | |
| | Plaintiff's expert testified that the GAM-71 table was constructed with "a significant margin to account for the future mortality improvements," and that the GAM-83 mortality table has an even larger built-in margin for life expectancy improvement than the GAM-71 table.<br><br>Ex. 10 at 17. | |
| | Plaintiff's expert testified that "just because a table references 1971 mortality as its basis does not mean that it is 38 years out of date."<br><br>Ex. 10 at 14. | |
| | Plaintiff's expert testified that as of 2009, the GAM-71 table was a "reasonable actuarial assumption" that the plan "use[d] for a variety of purposes" including calculating JSAs and that the various benefit forms "provided by the Plan are the actuarial equivalent of each other."<br><br>Ex. 10 at 12-14. | |
| **Claim III: Breach of Fiduciary Duty** | | |
| | Plaintiff does not allege that any plan term was misapplied by any fiduciary.<br><br>Compl., *passim*. | |

I attest that the evidence cited herein fairly and accurately supports or disputes the facts as asserted.

3

DEFENDANTS' MOVING SEPARATE STATEMENT IN SUPPORT OF SUMMARY JUDGMENT

Respectfully submitted,

Dated: September 12, 2025

By: /s/ David S. Kurtzer-Ellenbogen

WILLIAMS & CONNOLLY LLP
David S. Kurtzer-Ellenbogen (*pro hac vice*)
Daniel A. Martinez (*pro hac vice*)
Alexander C. Gaudio (*pro hac vice*)
dkurtzer@wc.com
gmartinez@wc.com
agaudio@wc.com
680 Maine Ave., S.W.
Washington, DC 20024
(202) 434-5000 / FAX (202) 434-5029

PROSKAUER ROSE LLP
Myron D. Rumeld (*pro hac vice*)
mrumeld@proskauer.com
Eleven Times Square
New York, NY 10036
Telephone: (212) 969-3000
Facsimile: (212) 969-2900

Kelly Marie Curtis (Cal. Bar No. 313581)
kcurtis@proskauer.com
2029 Century Park East, Suite 2400
Los Angeles, CA 90067-3010
Telephone: (310) 557-2900
Facsimile: (310) 557-2193

*Attorneys for Defendants*